NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAMES S. PREVARD, Petitioner, v. UNITED STATES OF AMERICA, Respondent. | Civil Action No. 05-6001 (SRC) **OPINION** |

**CHESLER**, District Judge

*Pro se* Petitioner James S. Prevard, a prisoner currently confined at the United States Penitentiary in Leavenworth, KS, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The Respondent, the United States of America (hereinafter "the Government"), filed its Answer, as ordered by the Court. The Court has reviewed and considered the submissions, and for the following reasons, denies Petitioner's motion and dismisses the petition. Moreover, for the reasons expressed below, the Court rules that a certificate of appealability will not issue.

## I. BACKGROUND

On September 16, 2003, Prevard pleaded guilty to bank robbery by force, in violation of 18 U.S.C. § 2113(a). On February 9, 2004, the Court sentenced Prevard to a prison term of 156 months, followed by three years of supervised release. The judgment was entered on the docket on February 13, 2004. Prevard did not file an appeal of his judgment.

On December 29, 2005, Prevard filed this § 2255 petition, to vacate, set aside or correct his sentence. The Petitioner argues that he entitled to relief because his sentence is invalid under United States v. Booker, 543 U.S. 220 (2005). Construing the petition as broadly as possible, Prevard also seems to assert an ineffective assistance of counsel claim. The Government filed its Answer on August 7, 2005.

## II. Discussion

Prevard is a *pro se* petitioner. A *pro se* pleading is held to less stringent standards than more formal pleadings filed by lawyers. Haines v. Lerner, 404 U.S. 519, 520 (1972). Our jurisprudence directs that a *pro se* habeas petition, such as the one at bar, should be construed liberally and with a measure of tolerance. Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). However, even applying this generous standard, the Court finds that Prevard's § 2255 petition must be dismissed as barred by the applicable statute of limitations.

Title 28 U.S.C. § 2255 permits a prisoner in federal custody to attack the validity of his sentence. Among other arguments made, the Government contends that Prevard's claim must be denied because he filed the instant habeas petition after the limitations period expired. The Court agrees. Because the Court need not deal with the merits of Prevard's § 2255 motion to vacate, set aside or correct his sentence, it will not discuss the statutory standard for obtaining relief.

The statute imposes a one-year limitations period on the filing of a request for relief under §2255. 28 U.S.C. § 2255. The one-year period runs from the latest of four specified events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created

> by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Prevard filed his § 2255 motion on December 29, 2005. Prevard, however, was sentenced on February 9, 2004 and did not file an appeal. His judgment of conviction was entered on the docket on February 13, 2004 and therefore became final ten days later, upon the conclusion of the period to appeal. Kapral v. United States, 166 F.3d 565, 572 (3d Cir. 1999); Fed.R.Civ.P. 4(b)(1)(A) . In accordance with the one-year limitations period, Prevard's time to file a petition for relief from his sentence under § 2255 expired long before the instant motion was filed on December 29, 2005. Because the § 2255 petition at bar was filed out of time, it must be dismissed for failure to state a claim upon which relief may be granted. Fadayiro v. United States, 30 F.Supp.2d 772, 778-79 (D.N.J. 1998); Maldonado-Contreras v. United States, 2005 WL 1606918, at *2-*3 (D.N.J. July 7, 2005).

Section 2255's three other possible triggering events for the running of the one-year limitations period do not apply to this case. There is no indication that government action impeded Prevard from filing his motion or that facts supporting his petition have been newly discovered. Moreover, the habeas petition before the Court does not invoke a newly recognized

right "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). Although Prevard bases his § 2255 motion on United States v. Booker, he cannot benefit from the later date of the Booker decision as the trigger for the one-year period to file his habeas petition. In Booker, the Supreme Court held that the provision of the Federal Sentencing Act that made the United States Sentencing Guidelines mandatory, 18 U.S.C. 3553(b)(1), violated the Sixth Amendment and therefore excised that provision. Booker, 543 U.S. at 250-54, 258-59. It is settled that Booker announced a new rule of criminal procedure. Lloyd v. United States, 407 F.3d 608, 613 (3d Cir. 2005). The Third Circuit has held, however, that Booker is not retroactively applicable to cases that became final before that decision was issued or to cases on collateral review. Id. at 615-16 (analyzing Booker rule under Teague standard of non-retroactivity); see also Teague v. Lane, 489 U.S. 288, 310 (1989) (holding that generally, a new rule of criminal procedure is not retroactively applicable to cases that became final before new rule was announced); Beard v. Banks, 542 U.S. 406, 417 (2004) (discussing narrow exception to Teague's bar on retroactive application for "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding"). The Supreme Court issued the Booker decision on January 12, 2005, almost a year after Prevard's judgment of conviction became final.

Accordingly, the one-year limitations period under § 2255 was triggered on the date Prevard's conviction became final. Because Prevard filed the instant habeas petition after the limitations period expired, this Court dismisses his petition as time-barred.

**III. Certificate of Appealability**

This Court must determine whether a certificate of appealability should issue. L.A.R. 22.2. The Court should issue a certificate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court dismisses a habeas petition based on procedural grounds without reaching the prisoner's underlying constitutional claim, the prisoner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds, based on its review of Prevard's § 2255 motion papers, that Prevard has failed to make a substantial showing that his Sixth Amendment right to the effective assistance of counsel has been denied, and further has not shown that jurists of reason would find debatable that the petition fails to state a valid claim under Booker. Moreover, this Court finds that jurists of reason would not find debatable this Court's dismissal of Prevard's petition as time-barred. Therefore, this Court declines to issue a certificate of appealability pursuant to § 2253(c)(2).

## III. CONCLUSION

For the foregoing reasons, this Court denies Petitioner's motion for relief under 28 U.S.C. § 2255. A certificate of appealability will not issue. An appropriate form of order will be filed together with this Opinion.

s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: January 31, 2007